FILED

AUG 14 2025

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

|  |  |
|---|---|
| UNITED STATES OF AMERICA | No. 25 CR 7 |
| v. | Hon. Lindsay C. Jenkins |
| ANA M. HERNANDEZ | |

## PLEA AGREEMENT

1.      This Plea Agreement between the United States Attorney for the Northern District of Illinois, ANDREW S. BOUTROS, and defendant ANA M. HERNANDEZ, and her attorney, RICHARD FENBERT, is made pursuant to Rule 11 of the Federal Rules of Criminal Procedure. The parties to this Agreement have agreed upon the following:

### Charge in This Case

2.      The information in this case charges defendant with unlawful interference with housing rights, in violation of Title 42, United States Code, Section 3631.

3.      Defendant has read the charge against her contained in the information, and that charge has been fully explained to her by her attorney.

4.      Defendant fully understands the nature and elements of the crime with which she has been charged.

### Charge to Which Defendant Is Pleading Guilty

5.      By this Plea Agreement, defendant agrees to enter a voluntary plea of guilty to the information, which charges defendant with unlawful interference with housing rights, in violation of Title 42, United States Code, Section 3631.

## Factual Basis

6.      Defendant will plead guilty because she is in fact guilty of the charge contained in the information. In pleading guilty, defendant admits the following facts and that those facts establish her guilt beyond a reasonable doubt and constitute relevant conduct pursuant to Guideline § 1B1.3:

On or about March 16, 2024, at Chicago, in the Northern District of Illinois, Eastern Division, defendant ANA M. HERNANDEZ, by force and threat of force, including the use, attempted use, and threatened use of a dangerous weapon and fire, willfully attempted to injure, intimidate, and interfere with victims D.M. and Y.O., two individuals of Venezuelan origin, because of D.M. and Y.O.'s race, color, and national origin, and because D.M. and Y.O were occupying a dwelling in Chicago, Illinois; specifically, defendant threw an incendiary device, commonly known as a Molotov cocktail, onto D.M. and Y.O.'s back porch, causing a fire, in violation of Title 42, United States Code, Section 3631(a).

More specifically, Victims D.M. and Y.O. were two individuals of Venezuelan origin who rented and occupied a residence in Chicago, Illinois from Individual M.S. HERNANDEZ lived in a building that was next door to the victims' residence. HERNANDEZ knew that victims D.M. and Y.O. were of Venezuelan origin.

On March 16, 2024, at approximately 11:05 a.m., HERNANDEZ threw a glass bottle containing oil and a small washcloth, also known as a Molotov cocktail, over the fence of her residence onto the back porch of the residence in which victims D.M. and Y.O. resided. The Molotov cocktail started a small fire on the back porch. Later that

day, at approximately 11:42 a.m., HERNANDEZ walked into the parking lot behind victims D.M. and Y.O.'s residence and placed a note on the car of Individual M.S., the building's owner and who also lived in the building. The note, not verbatim, stated in Spanish, "Damn Venezuelans, screw your mothers. We do not want you in the neighborhood. Go back to your country, you dogs sons of whores. You can go the easy way or the hard way. Viva Mexico you faggots." The picture of the note is shown below:



HERNANDEZ admits that she threw the Molotov cocktail referenced above at least partially because victims D.M. and Y.O. were of Venezuelan origin and were living in the residence next door to HERNANDEZ, and to convince victims D.M. and Y.O. to leave their residence.

3

## Maximum Statutory Penalties

7.     Defendant understands that the charge to which she is pleading guilty carries the following statutory penalties:

a.     A maximum sentence of 10 years' imprisonment. This offense also carries a maximum fine of $250,000. Defendant further understands that the judge also may impose a term of supervised release of not more than three years.

b.     Pursuant to Title 18, United States Code, Section 3013, defendant will be assessed $100 on the charge to which she has pled guilty, in addition to any other penalty or restitution imposed.

## Sentencing Guidelines Calculations

8.     Defendant understands that, in determining a sentence, the Court is obligated to calculate the applicable Sentencing Guidelines range, and to consider that range, possible departures under the Sentencing Guidelines, and other sentencing factors under 18 U.S.C. § 3553(a), which include: (i) the nature and circumstances of the offense and the history and characteristics of the defendant; (ii) the need for the sentence imposed to reflect the seriousness of the offense, promote respect for the law, provide just punishment for the offense, afford adequate deterrence to criminal conduct, protect the public from further crimes of the defendant, and provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner; (iii) the kinds of sentences available; (iv) the need to avoid unwarranted sentence disparities among defendants

4

with similar records who have been found guilty of similar conduct; and (v) the need to provide restitution to any victim of the offense.

9. For purposes of calculating the Sentencing Guidelines, the government's position as of the date of this Agreement is as follows:

a. **Applicable Guidelines**. The Sentencing Guidelines to be considered in this case are those in effect at the time of sentencing. The following statements regarding the calculation of the Sentencing Guidelines are based on the Guidelines Manual currently in effect, namely the 2024 Guidelines Manual.

b. **Offense Level Calculations**.

i. The base offense level is 20, pursuant to Guideline §§ 2H1.1(a)(1) and 2K1.4(a)(2)(C), because the offense endangered a dwelling.

ii. Pursuant to Guideline § 3A1.1(a), the offense level is increased by 3 levels, because the defendant intentionally selected the victims and property as the objects of the offense of conviction because of the actual or perceived national origin and ethnicity of any person.

iii. The government understands that defendant will truthfully admit the conduct comprising the offense of conviction, and truthfully admit or not falsely deny any additional relevant conduct for which the defendant is accountable under Guideline § 1B1.3. Therefore, based upon facts now known to the government, defendant has clearly demonstrated a recognition and affirmative acceptance of personal responsibility for her criminal conduct. If the government does not receive additional evidence in conflict with this provision, and if defendant continues to accept

5

responsibility for her actions within the meaning of Guideline § 3E1.1(a), including by furnishing the United States Attorney's Office and the Probation Office with all requested financial information relevant to her ability to satisfy any fine or restitution that may be imposed in this case, a two-level reduction in the offense level is appropriate.

iv. In accord with Guideline § 3E1.1(b), defendant has timely notified the government of her intention to enter a plea of guilty, thereby permitting the government to avoid preparing for trial and permitting the Court to allocate its resources efficiently. Therefore, as provided by Guideline § 3E1.1(b), if the Court determines the offense level to be 16 or greater prior to determining that defendant is entitled to a two-level reduction for acceptance of responsibility, the government will move for an additional one-level reduction in the offense level.

c. **Criminal History Category**. With regard to determining defendant's criminal history points and criminal history category, based on the facts now known to the government, defendant's criminal history points equal zero and defendant's criminal history category is I.

d. **Anticipated Advisory Sentencing Guidelines Range**. Therefore, based on the facts now known to the government, the government anticipates the offense level to be 20, which, when combined with the anticipated criminal history category of I, results in an anticipated advisory sentencing guidelines range of 33 to 41 months' imprisonment, in addition to any supervised release, fine, and restitution the Court may impose.

e.      Defendant and her attorney and the government acknowledge that the guidelines calculations set forth in this Agreement are preliminary in nature, and are non-binding predictions upon which neither party is entitled to rely. Defendant understands the above calculations are based on information now known to the government and that further review of the facts or applicable legal principles may lead the government to change its position on the guidelines calculations. Defendant understands that the Probation Office will conduct its own investigation and that the Court ultimately determines the facts and law relevant to sentencing, and that the Court's determinations govern the final guideline calculation. Accordingly, the validity of this Agreement is not contingent upon the defendant's, the probation officer's, or the Court's concurrence with the above calculations, and defendant shall not have a right to withdraw her plea on the basis of a change in the government's position on the guideline calculations or the Court's rejection of these calculations.

10.      Both parties expressly acknowledge that this Agreement is not governed by Fed. R. Crim. P. 11(c)(1)(B), and that errors in applying or interpreting any of the sentencing guidelines may be corrected by the government prior to sentencing. The government may correct these errors by a statement to the Probation Office or the Court, setting forth any changes in the government's position regarding the guidelines calculations. The validity of this Agreement will not be affected by such corrections, and defendant shall not have a right to withdraw her plea on the basis of such corrections.

**Agreements Relating to Sentencing**

11. Each party is free to recommend whatever sentence it deems appropriate.

12. It is understood by the parties that the sentencing judge is neither a party to nor bound by this Agreement and may impose a sentence up to the maximum penalties as set forth above. Defendant further acknowledges that if the Court does not accept the sentencing recommendation of the parties, defendant will have no right to withdraw her guilty plea.

13. Regarding restitution, defendant acknowledges that pursuant to Title 18, United States Code, Section 3663A, the Court must order defendant to make full restitution to victims D.M. and Y.O., and Individual M.S., at the time of sentencing. Defendant also agrees to pay additional restitution to victims, arising from the relevant conduct set forth above, in an amount to be determined by the Court at sentencing, pursuant to Title 18, United States Code, Sections 3663(a)(3) and 3664.

14. Restitution shall be due immediately and paid pursuant to a schedule to be set by the Court at sentencing. Defendant acknowledges that pursuant to Title 18, United States Code, Section 3664(k), she is required to notify the Court and the United States Attorney's Office of any material change in economic circumstances that might affect her ability to pay restitution.

15. Defendant agrees to pay the special assessment of $100 at the time of sentencing with a cashier's check or money order payable to the Clerk of the U.S. District Court.

16. Defendant agrees that the United States may enforce collection of any fine or restitution imposed in this case pursuant to Title 18, United States Code, Sections

3572, 3613, and 3664(m), and Title 31, United States Code, Sections 3711, 3716, and 3728, notwithstanding any payment schedule set by the Court. In the event of the death or dissolution of, or the government's inability to locate the named recipient(s) of restitution in the Judgment and Commitment Order, the defendant agrees to not oppose efforts by the government to obtain an order substituting as payee a representative of the victim's estate, another family member, or any other person or successor entity appointed as suitable by the court, or the Crime Victims Fund.

### Acknowledgments and Waivers Regarding Plea of Guilty

### Nature of Agreement

17.     This Agreement is entirely voluntary and represents the entire agreement between the United States Attorney and defendant regarding defendant's criminal liability in case 25 CR 7.

18.     This Agreement concerns criminal liability only. Except as expressly set forth in this Agreement, nothing herein shall constitute a limitation, waiver, or release by the United States or any of its agencies of any administrative or judicial civil claim, demand, or cause of action it may have against defendant or any other person or entity. The obligations of this Agreement are limited to the United States Attorney's Office for the Northern District of Illinois and cannot bind any other federal, state, or local prosecuting, administrative, or regulatory authorities, except as expressly set forth in this Agreement.

## Waiver of Rights

19.     Defendant understands that, by pleading guilty, she surrenders certain rights, including the following:

a.      **Right to be charged by indictment.** Defendant understands that she has a right to have the charge prosecuted by an indictment returned by a concurrence of twelve or more members of a grand jury consisting of not less than sixteen and not more than twenty-three members. By signing this Agreement, defendant knowingly waives her right to be prosecuted by indictment and to assert at trial or on appeal any defects or errors arising from the information, the information process, or the fact that she has been prosecuted by way of information.

b.      **Trial rights.** Defendant has the right to persist in a plea of not guilty to the charge against her, and if she does, she would have the right to a public and speedy trial.

i.      The trial could be either a jury trial or a trial by the judge sitting without a jury. However, in order that the trial be conducted by the judge sitting without a jury, defendant, the government, and the judge all must agree that the trial be conducted by the judge without a jury.

ii.     If the trial is a jury trial, the jury would be composed of twelve citizens from the district, selected at random. Defendant and her attorney would participate in choosing the jury by requesting that the Court remove prospective jurors for cause where actual bias or other disqualification is shown, or by removing prospective jurors without cause by exercising peremptory challenges.

10

iii.     If the trial is a jury trial, the jury would be instructed that defendant is presumed innocent, that the government has the burden of proving defendant guilty beyond a reasonable doubt, and that the jury could not convict her unless, after hearing all the evidence, it was persuaded of her guilt beyond a reasonable doubt. The jury would have to agree unanimously before it could return a verdict of guilty or not guilty.

iv.     If the trial is held by the judge without a jury, the judge would find the facts and determine, after hearing all the evidence, whether or not the judge was persuaded that the government had established defendant's guilt beyond a reasonable doubt.

v.     At a trial, whether by a jury or a judge, the government would be required to present its witnesses and other evidence against defendant. Defendant would be able to confront those government witnesses and her attorney would be able to cross-examine them.

vi.     At a trial, defendant could present witnesses and other evidence in her own behalf. If the witnesses for defendant would not appear voluntarily, she could require their attendance through the subpoena power of the Court. A defendant is not required to present any evidence.

vii.     At a trial, defendant would have a privilege against self-incrimination so that she could decline to testify, and no inference of guilt could be drawn from her refusal to testify. If defendant desired to do so, she could testify in her own behalf.

11

c.     **Appellate rights.** Defendant further understands she is waiving all appellate issues that might have been available if she had exercised her right to trial, and may only appeal the validity of this plea of guilty and the sentence imposed. Defendant understands that any appeal must be filed within 14 calendar days of the entry of the judgment of conviction.

20.     Defendant understands that, by pleading guilty, she is waiving all the rights set forth in the prior paragraphs, with the exception of the appellate rights specifically preserved above. Defendant's attorney has explained those rights to her, and the consequences of her waiver of those rights.

### Presentence Investigation Report/Post-Sentence Supervision

21.     Defendant understands that the United States Attorney's Office in its submission to the Probation Office as part of the Pre-Sentence Report and at sentencing shall endeavor to ensure that the relevant facts and sentencing factors, as applied to the facts, are brought to the District Court's attention fully and accurately, including facts related to the defendant's criminal conduct and related conduct, and any relevant information concerning the defendant's background, character, and conduct that the District Court may consider under 18 U.S.C. § 3661 in imposing a sentence.

22.     Defendant agrees to truthfully and completely execute a Financial Statement (with supporting documentation) prior to sentencing, to be provided to and shared among the Court, the Probation Office, and the United States Attorney's Office regarding all details of her financial circumstances, including her recent income tax

returns as specified by the probation officer. Defendant understands that providing false or incomplete information, or refusing to provide this information, may be used as a basis for denial of a reduction for acceptance of responsibility pursuant to Guideline § 3E1.1 and enhancement of her sentence for obstruction of justice under Guideline § 3C1.1, and may be prosecuted as a violation of Title 18, United States Code, Section 1001 or as a contempt of the Court.

23.    For the purpose of monitoring defendant's compliance with her obligations to pay a fine and restitution during any term of supervised release or probation to which defendant is sentenced, defendant further consents to the disclosure by the IRS to the Probation Office and the United States Attorney's Office of defendant's individual income tax returns (together with extensions, correspondence, and other tax information) filed subsequent to defendant's sentencing, to and including the final year of any period of supervised release or probation to which defendant is sentenced. Defendant also agrees that a certified copy of this Agreement shall be sufficient evidence of defendant's request to the IRS to disclose the returns and return information, as provided for in Title 26, United States Code, Section 6103(b).

## Other Terms

24.    Defendant agrees to cooperate with the United States Attorney's Office in collecting any ordered fine and restitution for which defendant is liable, including providing financial statements and supporting records as requested by the United States Attorney's Office.

25. Defendant understands that, if convicted, a defendant who is not a United States citizen may be removed from the United States, denied citizenship, and denied admission to the United States in the future.

## Conclusion

26. Defendant understands that this Agreement will be filed with the Court, will become a matter of public record, and may be disclosed to any person.

27. Defendant understands that her compliance with each part of this Agreement extends throughout the period of her sentence, and failure to abide by any term of the Agreement is a violation of the Agreement. Defendant further understands that in the event she violates this Agreement, the government, at its option, may move to vacate the Agreement, rendering it null and void, and thereafter prosecute defendant not subject to any of the limits set forth in this Agreement, or may move to resentence defendant or require defendant's specific performance of this Agreement. Defendant understands and agrees that in the event that the Court permits defendant to withdraw from this Agreement, or defendant breaches any of its terms and the government elects to void the Agreement and prosecute defendant, any prosecutions that are not time-barred by the applicable statute of limitations on the date of the signing of this Agreement may be commenced against defendant in accordance with this paragraph, notwithstanding the expiration of the statute of limitations between the signing of this Agreement and the commencement of such prosecutions.

28. Should the judge refuse to accept defendant's plea of guilty, this Agreement shall become null and void and neither party will be bound to it.

14

29.    Defendant and her attorney acknowledge that no threats, promises, or representations have been made, nor agreements reached, other than those set forth in this Agreement, to cause defendant to plead guilty.

30.    Defendant acknowledges that she has read this Agreement and carefully reviewed each provision with her attorney. Defendant further acknowledges that she understands and voluntarily accepts each and every term and condition of this Agreement.

AGREED THIS DATE: _____8/14/25_____

MICHELLE PETERSEN
Digitally signed by MICHELLE PETERSEN
Date: 2025.08.11 21:55:25 -05'00'
for ASB

_____
ANDREW S. BOUTROS
United States Attorney

_____
ANA M. HERNANDEZ
Defendant

_____
JONATHAN L. SHIH
Assistant U.S. Attorney

_____
RICHARD FENBERT
Attorney for Defendant

15